NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0543n.06

No. 25-5477

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN |
| v. | ) ) | DISTRICT OF KENTUCKY |
| JASON CAMPBELL, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: MOORE, CLAY, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Jason Campbell pled guilty to two counts of producing and possessing child pornography in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(4)(B), respectively. The district court sentenced him to 480 months in prison, the highest possible sentence under the relevant statutory maximums. Campbell now appeals this sentence, arguing that it was substantively unreasonable. For the reasons set forth below, we **AFFIRM** the district court's sentence.

## I. BACKGROUND

On May 24, 2024, Janie Castle reported her boyfriend, Defendant Jason Campbell, to the Johnson County, Kentucky Department of Social Services for engaging in inappropriate sexual contact with her 14-year-old daughter, "M.Y." Law enforcement arrested Campbell and seized his phone, on which they discovered multiple images and videos of child sexual abuse, including

images and videos of Campbell abusing M.Y. M.Y. reported to police that Campbell had been sexually abusing her for several years.

On June 27, 2024, the government indicted Campbell on four charges related to the production of child pornography. On February 3, 2025, Campbell pled guilty to two counts, and the government dismissed the other two. Specifically, Campbell pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a) (Count 3) and to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 4).

This was not Campbell's first conviction for sexual abuse of a minor. In 2010, a Kentucky state court sentenced Campbell to one year in prison for Sexual Abuse in the First Degree after he had sexual contact with a minor female less than 12 years old. The indictment in that case charged Defendant with sexually abusing the victim from 2002 to 2007.

During Campbell's sentencing hearing in the instant case, the court walked through its sentencing calculation methodology. It began with Count 3, setting the base offense level at 32 as prescribed by USSG § 2G2.1. The court then implemented a 2-point increase because Campbell's victim was under 16, a 2-point increase because the offense involved the commission of a sexual act, and a 2-point increase because the victim was under Defendant's care at the time of the abuse. The court thus determined that the adjusted offense level for Count 3 was 38. Because Defendant's Count 4 crime involved "causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction," USSG § 2G2.2(c)(1) instructed the court to again refer to USSG § 2G2.1 to calculate his sentence. Starting with the same base level offense and applying the same enhancements as Count 3, the court determined that the adjusted offense level for Count 4 was also 38. Because both counts involved the same victim and the same act or transaction, the court grouped them together, for a resulting group offense level of 38. The court then applied a 3-point

reduction in recognition of Campbell's acceptance of responsibility for the crimes, followed by a 5-point increase because Campbell engaged in a pattern of prohibited sexual contact with M.Y. This resulted in an overall offense level of 40.

Based on this calculation and Campbell's criminal history, the court determined that the sentencing range as prescribed by Chapter Five, Part A of the Sentencing Guidelines was 360 months to life. However, the statutory maximums for Defendant's crimes were 30 years (for 18 U.S.C. § 2251(a)) and 10 years (for 18 U.S.C. § 2252(a)(4)(B)), for a total of 40 years, or 480 months. Accordingly, the court determined that the appropriate sentencing range was 360 to 480 months. Campbell acknowledged that the sentencing calculation was correct.

The court gave Campbell an opportunity to explain any mitigating factors. Campbell highlighted that he grew up in poverty, that his ex-wife died of a drug overdose, that he himself had previously been a long-term methamphetamine user, that he had obtained his GED and had work-related skills, and that his acceptance of responsibility meant that the victim did not have to testify at trial. Campbell also stated that he was "sorry for the choices [he] made and people [he] hurt." Sentencing Tr., R. 44, Page ID #163. He asked the court to "consider a sentence at the low end of the guidelines or below the guidelines." *Id.* at Page ID #162. The government, conversely, asked the court to sentence Campbell to the maximum-allowed 480 months in prison in light of the "abhorrent" nature of his crimes and the fact that he was "a dangerous repeat sex offender." *Id.* at Page ID #163-65.

Following these remarks, the court consulted 18 U.S.C. § 3553(a), which provides factors for the court to consider in fashioning a sentence, including: the nature and circumstances of the offense; the seriousness of the offense; the need to adequately deter criminal conduct and protect the public; the need to provide restitution to victims; and the sentencing ranges issued by the

Sentencing Commission. The district court remarked that the statutory maximum "would not be sufficiently high enough to provide just punishment for the offenses here." *Id.* at Page ID #168. Still, the court acknowledged that it was bound by the guidelines range and walked through the § 3553 factors. The court stated that it did "consider some of the mitigating information," and noted its awareness that Campbell had accepted responsibility for his criminal acts. *Id.* at Page ID #168, #173.

However, the district court ultimately determined that he could not "overlook other parts of [Defendant's] history and characteristics." *Id.* at Page ID #168. The court specifically noted the nature of Defendant's criminal history, which included a prior sex offense against a minor, and the serious nature and circumstances of Defendant's instant crime. The court emphasized that Defendant abused M.Y. for a long period of time and noted that the victim "incurred true harm." *Id.* at Page ID #172. The court also considered the "other factors of 3553 such as the need to promote respect for the law and to provide a just punishment in the case." *Id.* The court expressed its concern that the sentence, although long, might not provide sufficient deterrence or protection for the public. Accordingly, the court sentenced Campbell to 480 months of imprisonment.

## II. DISCUSSION

Defendant's sole argument on appeal is that the district court's sentence was substantively unreasonable because the court put an "unreasonable amount of weight" on the nature of his offense in deciding to give Defendant the highest permissible sentence. Appellant's Br. at 10. He asks us to remand this case to the district court for resentencing.

We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). Because Defendant's sentence falls within the prescribed guideline range, we consider it presumptively reasonable, *see*

*United States v. Vonner,* 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and our review of the district court's decision is deferential, *see United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009).

"A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a).'" *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quoting *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008)).

In this case, the record clearly demonstrates that Defendant's sentence was substantively reasonable. As detailed above, the district court based the sentence on a careful consideration of numerous § 3553 factors: the seriousness of the offense; the defendant's criminal history; the deterrent effect of the sentence; the need to protect the public; and the nature and circumstances of the offense. The court also explicitly acknowledged that it had considered the mitigating factors presented by the defense.

We have determined that within-guideline sentences are unreasonable in some circumstances, such as where the district court entirely fails to consider the § 3553 factors or sets a sentence without any rationale. In *United States v. Delgadillo*, for instance, we found a sentence at the lowest end of the guidelines range unreasonable where the district court did not discuss any of the § 3553 factors or the extensive mitigating factors presented by the defendant. 318 F. App'x 380, 386–87 (6th Cir. 2009). That is a far cry from the scenario we are presented with in this case where the district court carefully walked through the relevant § 3553 and mitigation factors.

Defendant incorrectly asserts that the court's sentence was arbitrary because the court placed unreasonable weight on the seriousness of the offense. That the district court's sentencing decision emphasized the seriousness of Defendant's offense does not render it substantively unreasonable. Weighing the § 3553(a) factors "is a matter of reasoned discretion, not math,"

*United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018), and the court may, in its discretion, put greater emphasis on certain factors as long as it adequately considers and weighs all of the relevant factors, *see United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012). Our review of the record leads us to conclude that "[a]lthough the court was clearly concerned with the nature and seriousness of the offenses, it also considered other § 3553(a) factors," as well as Defendant's mitigation evidence, and ultimately "fashioned a sentence that reflected those factors." *United States v. Young*, 847 F.3d 328, 372 (6th Cir. 2017). Accordingly, we conclude that the sentence here was substantively reasonable.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's sentence.